UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO T. VELEZ, <br> Petitioner, <br> v. <br> RALPH DIAZ, Warden, <br> Respondent. | NO. CV 14-183-AHS (AGR) <br><br> OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On January 9, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Los Angeles County Superior Court in 2005. (Petition at 2.)

I.

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California, *Velez v. Hedgpeth*, Case No. CV 08-7299-AHS (AGR) ("*Velez I*").

In December 2005, Petitioner was convicted of first and second degree burglary, grand theft auto, and petty theft with a prior. (Petition at 2). On January 5, 2006, he was sentenced to 100 years to life. (*Id.*)

In *Velez I*, Petitioner challenged the same conviction. Dkt. No. 1 at 2. A Report issued on the merits on October 13, 2011, recommending that the petition be denied and the action dismissed with prejudice. *Id.*, Dkt. No. 63. On November 9, 2011, the Court accepted the findings and recommendation of the Report and entered judgment dismissing the petition with prejudice. *Id.*, Dkt. Nos. 66-67. On November 23, 2011, Petitioner filed a notice of appeal. *Id.*, Dkt. No. 70. On January 25, 2013, the Ninth Circuit denied the request for a certificate of appealability. *Id.*, Dkt. No. 76. On March 15, 2013, the Ninth Circuit denied Petitioner's motion for reconsideration. Ninth Circuit, Case No. 11-57127, Dkt. No. 11.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence

of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Velez I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

### III.
### ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: JAN 17 2014

ALICEMARIE H. STOTLER
United States District Judge